SAMUEL ROSENBACK *v.* THE MANUFACTURERS AND BUILDERS' BANK.

*Deposits made by savings banks — preference in payment of, given by § 48, chap. 371 of 1875 — Receiver of bank — when estopped from questioning acts of officers of.*

Section 48 of chapter 371 of 1875, providing that all the assets of any insolvent bank shall, after the payment of its circulating notes, be applied to the payment of any moneys deposited with it by any savings corporation, applies only to deposits, properly so called, and not to any other form of indebtedness.

The receiver of an insolvent savings bank applied, under said section, for an order directing the receiver of the M. and B. Bank to pay over a sum of money, the amount of a call loan alleged to have been made by the unauthorized acts of the officers of the savings bank in converting a deposit for that amount into a loan to the M. and B. Bank. *Held,* that as the savings bank had received collateral security for the loan, and payments on account of the principal and interest thereof from the M. and B. Bank, the receiver could not now repudiate the whole transaction and treat the loan as a deposit within the meaning of said section.

APPEAL from an order made at the Special Term denying an application made by the receiver of the German Up-town Savings Bank, under section 48 of chapter 371 of 1875, to compel the receiver of the Manufacturers and Builders' Bank to pay over to him the sum of $28,887.42, alleged to be the balance of a deposit made by the savings bank.

*Man & Parsons,* for the appellant.

*Flanagan & Bright,* for the respondent.

DAVIS, P. J.:

Herman Uhl, as receiver of the German Up-town Savings Bank,

applied by petition to the court below for an order directing William A. Butler, receiver of the Manufacturers and Builders' Bank, to pay to him $28,887.42, the balance of an alleged deposit made by the savings bank in the Manufacturers and Builders' Bank.    This application was made under section 48 of chapter 371 of the Laws of 1875 (Session Laws of 1875, pp. 404, 415).

That section provides that " all the assets of any bank or banking association, now or hereafter organized, that shall become insolvent, shall, after providing for the payment of its circulating notes, if it shall have any, be applied by the directors, assignee or receiver thereof, in the first place to the payment in full of any sum or sums of money deposited therewith by any savings corporation."

It is obvious that the provision of this section is applicable only to deposits properly so called, and not to any other form of indebtedness between the corporations named.

The receiver of the Manufacturers and Builders' Bank, in answer to the petition, alleged in substance that all deposits made in such bank by the German Up-town Savings Bank had been paid in full by him out of the· assets that came into his hands, and that the amount mentioned in the petition was not a deposit, but was the balance of a call loan of $40,000 made by the savings bank to the Manufacturers and Builders' Bank, for which collaterals were deposited with the savings bank.

Two questions are presented in the case.    The first is one of fact, to wit : whether the sum demanded by the petitioner was a deposit made in the usual way by the savings bank, or a call loan secured by collaterals, as alleged by the receiver of the Manufacturers and Builders' Bank.

The second is a question of law, arising upon the alleged unauthorized acts of the officers of the savings bank in changing the deposit to a call loan.    The court below found that the transaction was in fact a call loan, as the transaction was made between the officers of the two banks as a call loan, and was intended to be a loan upon seven per cent interest, secured by collaterals deposited with the savings bank, and payable on demand.    The evidence certainly justified this finding.    The books of both banks treated the transaction as a call loan.

A payment of $5,000 upon it was made by a check of the Manu-

facturers and Builders' Bank (an unusual mode, certainly, of paying deposits), which described the indebtedness for which it was given as a call loan. All their acts in relation. to the transaction before the insolvency of the respective banks treat it as a call loan.

But it is claimed that this was effected by changing the amount from a deposit in the bank to a loan, by the unauthorized act of certain officers of the savings bank.

The precise mode in which this was done does not appear very clearly in the papers; but it does appear that the $40,000 was deposited by the officers of the savings bank in the Chatham Bank, to the credit of the Manufacturers and Builders' Bank, and that this sum was placed by the officers of the latter bank in its loan account to the credit of the savings bank.

If it be true that this was a mere change of a deposit of the savings bank in the Manufacturers and Builders' Bank, to a call loan, it, nevertheless, whether authorized or not, in point of fact reduced the deposit of the savings bank, and changed the amount withdrawn therefrom, into a call loan. The question of the legal right or authority of the officers of the savings bank to make this transaction, does not seem to be an important one, because by their acts they have changed the deposits into a loan, as completely and effectually as though clothed with full authority.

The savings bank received the advantages of the collateral securities; of the increased interest, and of the payment made upon the call loan; and it is too late after the insolvency of both banks has occurred, for the petitioner to overhaul and repudiate the transaction for the purpose of converting the loan back to a deposit, on the ground of want of authority in the officers of the savings bank, and thereby securing the statutory preference over all the other creditors of the Manufacturers and Builders' Bank; whatever remedy he may have against such officers for the abuse of their powers, or against the officers of both banks for any fraudulent arrangements to the prejudice of the creditors of the savings bank, he cannot, we think, go so far as to insist that a call loan illegally made, shall be deemed a deposit within the meaning of the forty-eighth section of the act above referred to.

We think that the court below arrived at a correct conclusion in

this case, and that the order should be affirmed, with ten dollars costs and disbursements.

Brady and Daniels, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.